**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEANDRE D. WALTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-00867 CDP |
| | ) | |
| MICHAEL SHEWMAKER, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 filed by Petitioner DeAndre D. Walton. Petitioner filed two motions for leave to proceed without prepayment of the required filing fees and costs, *see* ECF Nos. 2 and 5, and after review of the financial information the Court will grant Petitioner's motions. Because it appears that Petitioner has not fully presented his claims to the Missouri courts, the application for writ of habeas corpus will be dismissed for failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254. All pending motions will be denied as moot.

**The Petition**

Petitioner, an inmate at South Central Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. As background, a review of Missouri's Case.Net system indicates that on June 27, 2024, Petitioner was convicted by a jury of two counts of first-degree murder, two counts of armed criminal action, and unlawful possession of a firearm. *State v. Walton*, No. 2222-CR00369-01 (22nd Jud. Cir., St. Louis City). On September 16, 2024, he was sentenced to life without the possibility of parole. The Court of Appeals affirmed the

judgment of the trial court in an opinion issued on February 17, 2026. *State v. Walton*, ED112976 (Mo. Ct. App. 2026). The Court of Appeals issued its mandate on March 26, 2026. *Id.*

On October 25, 2024, Petitioner filed a post-conviction relief motion under Supreme Court Rule 29.15. *Walton v. State*, No. 2422-CC11547 (22nd Jud. Cir., St. Louis City). The motion has not yet been fully briefed, and the Court has not yet ruled on Petitioner's motion to vacate judgment.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State . . .

In *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of

federal law and prevent disruption of state judicial proceedings.'" *Duncan*, 533 U.S. at 179 (citing *Rose*, 455 U.S. at 518). "The exhaustion rule promotes comity in that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* (internal quotations and citations omitted). As stated by the Court in *O'Sullivan*, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."

Therefore, before federal habeas relief can be granted, a person in state custody is required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. In Missouri, exhaustion includes filing a direct appeal of the denial of a motion for post-conviction relief. Mo. R. Crim. P. 24.035(k). Petitioner's post-conviction motion to vacate has not yet been fully briefed. Thus, he is required to wait for the ruling on his motion to vacate and then appeal that ruling before bringing his application for writ of habeas corpus in this Court.

Unfortunately, Petitioner's application for habeas relief with this Court is premature. Because there is no possibility that Petitioner has exhausted his available state remedies, the petition shall be dismissed without prejudice. 28 U.S.C. § 2254(b); Rule 4 of the Rules Governing § 2254 Cases.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motions to proceed in forma pauperis [ECF Nos. 2 and 5] are **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254 [ECF No. 1] is **DENIED** without prejudice as prematurely filed.

**IT IS FURTHER ORDERED** that all pending motions [ECF Nos. 4, 8, 9 and 10] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

Dated this 5th day of October, 2026.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE